UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-20596-CR-MOORE/MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JORGE EDUARDO CORONEL,

    Defendant.
_____/

## REPORT AND RECOMMENDATION
## ON MOTION TO DISMISS INDICTMENT

The Defendant, Jorge Eduardo Coronel, filed a Motion to Dismiss Indictment, which the Honorable K. Michael Moore referred to me. [DE 9, 19]. The motion is fully briefed. [DE 20, 22, 24]. Defendant is charged in a one count Indictment with having violated Title 18 U.S.C. sections 1543 and 2. [DE 1]. For the reasons set forth below I recommend that the motion be denied.

**I.    Background**

The Indictment charges that on or about February 17, 2009, in Miami-Dade County the Defendant

> did willfully and knowingly use a false, forged, counterfeited, and altered passport, that is, an Argentinean passport containing a false, forged, and counterfeited I-551 stamp and alien registration number, in violation of Title 18, United States Code, Sections 1543 and 2.

1

[DE 1, p. 1]. Section 1543 makes it unlawful for a person to willfully and knowingly use, or attempt to use, or furnish to another for use, a false, forged, counterfeited, mutilated or altered passport. 18 U.S.C. § 1543.

The government states it will present evidence at trial that Defendant, aided and abetted by a document vendor, tore a page out of his Argentinean passport, printed a fake I-551 stamp on the page and wrote a false alien registration number on the stamp, glued the page back into the passport, and on the date charged, the Defendant used that altered passport to get a Florida drivers' license. [DE 20, pp. 2, 5]. Defendant argues that his actions do not violate § 1543, but may violate § 1546, which penalizes use of false or forged documents that are evidence of an authorized stay in the United States. [DE 19, p. 2]; 18 U.S.C. § 1546.[1]

## II. Analysis

"[I]t is axiomatic that an indictment is sufficient if it (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *United States v. Woodruff*, 296 F.3d 1041, 1046 (11th Cir. 2002) (quotation marks and citations omitted); *United States v. de Vegter*, 198 F.3d 1324, 1330 (11th Cir. 2000) ("Linguistic precision is not required in an indictment . . . . Instead, an indictment may be short and

---

[1] Defendant states that he could not be charged under § 1546, as the statute of limitations has run. [DE 19, p. 2].

2

simple – its allegations are sufficient if they include all elements of the offense and briefly describe the facts of the commission of the offense.").

The Indictment here satisfies these requirements. It states the elements of the charged offense by tracking the statutory language of § 1543. It informs Defendant that the charge arises from his alleged use of his Argentinean passport on our about the date charged with a false I-551 stamp and alien registration number, and the accusation is well enough defined so that it could bar double jeopardy in a later prosecution. Defendant argues that his alleged actions do not fall within the scope of § 1543 and he makes three arguments in support of his position.

Defendant first argues that "Section 1543, by its unambiguous language, penalizes only the creation and use of fraudulent passports. It does not apply to other fraudulent immigration documents, such as an I-551." [DE 19, p. 2]. Defendant misconstrues the Indictment to charge him with creating and using a fraudulent I-551 stamp. He notes that the passport apparently was otherwise bona fide, and argues that his alleged misuse of the stamp is beyond the reach of § 1543. [DE 19, p. 5].

"The language of criminal statutes must be strictly construed, but should be accorded its plain meaning when it is unambiguous." *United States v. Dangdee*, 616 F.2d 1118, 1119 (9th Cir. 1980). Defendant concedes that the language of § 1543 is unambiguous. [DE 19, p. 4]. It forbids, in part, the use of an altered passport. To alter is "to cause to become different in some particular characteristic (as measure, dimension, course, arrangement, or inclination) without changing into something else." *United States v. Inclema*, 363 F.3d 1177, 1180 (11th Cir. 2004) (quoting WEBSTER'S THIRD NEW

3

INTERNATIONAL DICTIONARY 63 (15th ed. 1966)). Defendant contends that "placing an I-551 stamp on a passport does not 'alter' it," because the statute is intended to reach passports with fraudulent names or pictures. [DE 19, p. 5]. In fact, the statutory language has no such limitation.

As already noted, the government states it will show that a page was torn out of Defendant's passport, printed with the fraudulent I-551 stamp and the glued back in, and that Defendant then used the passport to get a driver's license. [DE 20, p. 2, 5]. A jury could find that Defendant thus "altered" his passport -- in other words, caused the passport to become different -- and used that passport in violation of § 1543. Defendant can certainly argue to the jury that cutting out, stamping and then replacing the page did not amount to an alteration of the passport, but he has provided no authority for the Court to make that determination as a matter of law.

Defendant's two other arguments are equally unavailing. He asserts that the legislative history of an amendment that extended the statute of limitations for § 1543, but not for § 1546, lends support to reading § 1543 in the manner Defendant wishes. [DE 19, p. 6]. But Defendant also concedes that where, as here, the statutory language is clear, there is no reason for the Court to consider legislative history. [*Id.*]. I agree and do not reach this argument.

Finally, Defendant argues that no other prosecution for the conduct alleged here has been brought under § 1543. [DE 19, p. 7].[2] Whether someone else has been prosecuted under that statute for the same conduct, does not answer the question whether it can lawfully be done. And, it is worth noting that the government identifies other prosecutions charging use of a fraudulent I-551 stamp in a passport under § 1543. [DE 20, pp. 6-7].

In his reply, Defendant argues for the first time that the government's statement that the passport was physically altered by removing and reattaching the page with the I-551 stamp is an impermissible variance from the allegations in the Indictment. [DE 22, p. 3]. This argument is premature. "[A] variance exists where the evidence at trial proves facts *different* from those alleged in the indictment, as opposed to facts which, although not specifically mentioned in the indictment, are entirely consistent with its allegations." *United States v. Gold*, 743 F.2d 800, 813 (11th Cir. 1984) (emphasis in original). The court cannot make this determination prior to trial.

### III. Recommendation

Based on the foregoing, I RESPECTFULLY RECOMMEND that Defendant Jorge Eduardo Coronel's Motion to Dismiss Indictment [DE 19], be **DENIED**.

### IV. Objections

The parties may file written objections to this Report and Recommendation with the Honorable K. Michael Moore, **no later than December 5, 2014**. Failure to timely

---

[2] The cases cited by Defendant do not stand for the proposition that § 1543 does not encompass the conduct that underlies the charge here. [*See* DE 19, p. 8, n. 13].

file objections shall bar the parties from attacking on appeal any factual findings contained herein. *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Locate v. Dagger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY RECOMMENDED in chambers at Miami, Florida this 26th day of November, 2014.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc:
The Honorable K. Michael Moore
Counsel of record